# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AKAMAI TECHNOLOGIES, INC., <br><br> And <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br>         Plaintiffs, <br><br>   vs. <br><br> DIGITAL ISLAND, INC., <br><br>   and <br><br> KINETECH, INC., <br><br>         Defendants. | **No. 00-cv-11851-RWZ** <br><br> **Judge Rya W. Zobel** <br><br> **JURY TRIAL REQUESTED** |
| DIGITAL ISLAND, INC. <br><br>   and <br><br> KINETECH, INC., <br><br>         Plaintiffs, <br><br>   vs. <br><br> AKAMAI TECHNOLOGIES, INC., <br><br>         Defendant. | **No. 01-cv-11007-RWZ** <br><br> **Judge Rya W. Zobel** <br><br> **JURY TRIAL REQUESTED** |

## MEMORANDUM IN SUPPORT OF DIGITAL ISLAND'S MOTION TO DENY THE INTRODUCTION OF THE DECLARATION AND EXPERT REPORTS OF AZER BESTAVROS AS PART OF THE MARKMAN HEARING RECORD

131

## I.     BACKGROUND

Prior to the October 25, 2001 Markman hearing, Akamai and DI agreed that neither

would offer expert testimony at the hearing, but would make their experts available in case the

Court had questions for them or wanted to hear their testimony. *See* Wineburg Decl., Exhibit A.[1]

As it turned out, neither party presented expert testimony, and the Court did not request it.

After the hearing was over, however, Akamai submitted copies of the expert reports of

Azer Bestavros ("Bestavros"), who attended the hearing, along with his declaration stating that if

he had been called to testify he would have done so in accordance with his reports.[2]  Akamai

offers no justification for this late proffer of expert testimony in contravention of its agreement

with DI.

## II.     ARGUMENT

Akamai's post-hearing offer of expert testimony and documents is an unfair attempt to

bolster its proposed claim constructions with its expert's opinions that support Akamai's validity

and infringement positions.  Akamai had an opportunity to file the expert reports with its

Markman briefs or, indeed, at any time prior to the Markman hearing.  Instead, after agreeing

with DI not to present expert evidence at the claim construction hearing, Akamai tried to "slip"

expert evidence to the Court after the hearing.  This is an obvious attempt to gain an advantage

and persuade the Court to its view by depriving DI of the opportunity to cross-examine

Bestavros or refute his testimony.

---

[1] In fact, the hearing was rescheduled in order to allow DI's expert to attend.  Akamai's second expert, Dr. Eugene H. Spafford, was unable to attend because of poor travel conditions.

[2] Akamai served Bestavros's first expert report to DI on August, 6th, 2001 and the rebuttal expert report was served on August 28th, 2001.

Even if Akamai's submission of Bestavros's declaration and expert reports were justified, which it clearly is not, the fact that DI was not afforded an opportunity to confront the opinions contained in the reports is sufficiently prejudicial to prevent their filing with this Court. *See Rambus, Inc. v. Infineon Technologies AG,* 155 F. Supp.2d 668, 676-77 (E.D. Va. 2001) (failure to allow for cross-examination of expert at Markman hearing may render expert opinions "meritless"). Akamai's unilateral submission of expert testimony is undeniably prejudicial to DI.

The parties' experts prepared their reports and exchanged them in accordance with FED. R. CIV. P. 26(a)(2) to be used as opinion evidence on issues of patent validity and infringement. These reports were not written for the Markman hearing—a hearing held for the sole purpose of determining the legal question of claim construction—and for the most part they would be irrelevant to that legal question.

Insofar as the expert reports may offer background evidence regarding the technology involved in this case, Akamai had an opportunity to use that information in its briefing and at the hearing, but chose instead to present background technology through its counsel and its Chief Scientist, Dr. F. Tom Leighton. Akamai has yet to provide any explanation for its belated proffer of the Bestavros testimony for the Markman hearing record.

## III.   CONCLUSION

For the reasons set forth above, DI requests this Court to refuse to include the Bestavros expert reports filed by Akamai on October 26, 2001 as part of the Markman record. In the alternative, if the Court should permit these reports to become part of the Markman hearing record, DI requests leave to file an expert declaration in response to the Bestavros testimony.

Dated:  October 31st, 2001                  By: _____

PILLSBURY WINTHROP LLP
ARTHUR WINEBURG
SUSAN T. BROWN
BRIAN SIRITZKY
1600 Tysons Blvd.
McLean, Virginia  22102
Telephone: (703) 905-2000
Fax: (703) 905-2500

PILLSBURY WINTHROP LLP
BRIAN J. BEATUS
2550 Hanover Street
Palo Alto, California  94304-1115
Telephone: (650) 233-4500
Fax: (650) 233-4545

EILEEN HERLIHY (BBO #23141)
JOHN T. BENNETT (BBO #648464)
PALMER & DODGE LLP
One Beacon Street
Boston, MA 02108
Tel: 617/230-0100
Fax: 617/227-4420

Attorneys for Defendant
DIGITAL ISLAND, INC.

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon
the attorney of record for each other party by overnight mail on October 31, 2001.

_____