UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 00-11851-RWZ

AKAMAI TECHNOLOGIES, INC.,
MASSACHUSETTS INSTITUTE OF TECHNOLOGY

v.

DIGITAL ISLAND, INC.

PRETRIAL ORDER

November 27, 2001

ZOBEL, D.J.

This matter having come before the Court at a pretrial conference held pursuant to Rule 16, Fed. R. Civ. P., 28 U.S.C., and Mark T. Banner and Aimee M. Boss having appeared as counsel for plaintiff, Akamai Technologies, Inc., and J. Pieter van Es having appeared as counsel for plaintiff, Massachusetts Institute of Technology; and Eileen M. Herlihy and Arthur Wineburg having appeared as counsel for defendant, Digital Island, Inc., the following action was taken:

1. <u>TRIAL</u>

Trial is scheduled to commence with the impanelment of the jury on December 3, 2001 at 9 a.m. and opening statements and presentation of evidence at 9 a.m. on December 6, 2001. Counsel estimate that the trial will last eight to ten days.



**DOCKETED**

2.   <u>JURY</u>

The court will impanel eight jurors. Counsel shall file any proposed questions to the jury on voir dire by November 28, 2001.

3.   <u>ISSUES</u>

Counsel agree that the only issues to be tried are:

a) Whether Digital Island ("DI") infringed the '030 and/or '703 patents literally or under the doctrine of equivalents;

b) Whether Akamai Technologies ("Akamai") infringed the '791 patent literally or under the doctrine of equivalents;

c) Whether the '703 patent is invalid on the grounds that it

   i) is anticipated by the prior act

   ii) is obvious in light of the prior act

   iii) does not teach the best mode

   iv) does not enable one skilled in the art to practice the invention

d) Whether the '791 patent is invalid on the grounds that it

   i) is obvious as construed

   ii) is anticipated by the prior act and not novel.

e) Whether the infringement by either party of one or more patents in suit was willful.

4.   <u>EXHIBITS</u>

Prior to the commencement of trial on December 6, 2001, counsel shall confer with each other concerning any exhibits each intends to offer and note any objections each may have to the exhibits of the other. All exhibits to which

opposing counsel do not object shall be deemed to be admitted into evidence. Counsel shall mark these exhibits and prepare a listing thereof, in duplicate. Objected-to exhibits shall be marked for identification and listed separately.

5. **WITNESSES**

    On or before December 3, 2001, each party shall file a list of witnesses who will testify at trial.

6. Counsel agreed to provide exhibit books for each juror.

7. Each party may address the jury during the trial to explain the evidence. Such interim argument is limited to 30 minutes for each side. The court will keep track of the time and its decisions are not appealable.

8. Counsel may file any requests for a pre-charge to the jury by November 30, 2001.

9. **REQUESTS**

    Counsel shall file by December 6, 2001:

    (a) Requests for instructions; and

    (b) Proposed questions to the jury on special verdict.

_November 27, 2001_
DATE

_Rya W. Zobel_
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE